(No. 5543.   Decided August 7, 1905.)

*In the Matter of the Estate of* ELIZABETH M. DIETRICH,
*Deceased.*

M. C. NASON, *Appellant,* v. ANGIE F. BROWN *et al.,*
*Respondents.*[1]

EXECUTORS AND ADMINISTRATORS—REMOVAL—CITATION AND HEAR-
ING—WITHDRAWAL OF RESIGNATION—EFFECT ON HEARING.  Where an
administrator tendered his resignation with his final account, and
the heirs joined issue thereon, asking the revocation of his letters
for neglect of duty, he cannot evade the issue by withdrawing his
resignation, and no notice or citation to him is required, upon fixing
a day for the hearing.

SAME—NEGLECT OF DUTY—GROUNDS FOR REMOVAL—SUFFICIENCY.
The removal of an administrator is justified where it appears that,
after four months, he had filed no inventory of the estate or caused
the same to be appraised, that he had given no notice to creditors,
had failed to take vouchers for money paid out, and had temporarily
removed from the state.

Appeal from an order of the superior court for King
county, Bell, J., entered October 1, 1904, after a hearing on
the merits, before the court in probate, removing an admin-
istrator, upon petition of the heirs.   Affirmed.

*Byers & Byers,* for appellant.

*Hodgson & Armstrong,* for respondents.

FULLERTON, J.—Elizabeth M. Dietrich died intestate, in
King county, in this state, on May 18, 1904, leaving estate
therein subject to administration.   Subsequently, a petition
for letters of administration was filed, and on July 2,
1904, M. C. Nason, the appellant herein, was appointed
by the court administrator of the estate.   The appellant
qualified as such administrator by taking the oath of office
and filing his bond, but performed none of his other duties
as administrator, except to take possession of the property

[1] Reported in 81 Pac. 1061.

and pay certain bills which he claimed were obligations of the estate. On August 30, 1904, the appellant tendered his resignation as administrator, tendering and filing at the same time his account with the estate, showing his receipts and disbursements. Shortly after the resignation and account had been filed, certain of the heirs of the deceased petitioned for the appointment of an administrator *de bonis non,* and at the same time, filed objections to the account submitted by the appellant.

At the time these matters were brought on for hearing, the appellant withdrew his resignation, whereupon the petitioners asked for his removal on the ground that he had wrongfully neglected his duties as administrator to the detriment of the estate. At the conclusion of this hearing, in which all of the parties, including the appellant, participated, the court found that the appellant had failed and neglected certain of his duties as administrator, and ordered him to appear, on a day named in the order, and show cause why his letters should not be revoked. Subsequently, this order was reduced to writing, and a copy thereof served upon the appellant and his counsel. On the day appointed, the appellant appeared specially, and moved to quash the proceedings, on the ground that the process by which it was sought to bring him into court was not in accord with the statute. This motion was overruled, whereupon he filed an answer to the merits of the charges of neglect recited in the court's order, and a hearing was had thereon, resulting in an order revoking his letters, and appointing one Charles E. Shepard administrator *de bonis non.* From this order Nason appeals.

The principal contention of the appellant is, that the court erred in refusing to quash the proceedings looking to the revocation of his letters. He insists that he was entitled to be brought into court by citation and notice, as provided for in sections 2329-2331 of Pierce's Code, and that, because no such citation or notice as therein prescribed was served upon him, the proceedings to revoke his letters should

have been quashed for want of proper notice to him. Had the petitioners commenced an independent proceeding to revoke the appellant's letters, doubtless they would have had to resort to this or some other legal method to bring the appellant before the court, but no such citation or notice was necessary in this instance, for the reason that the appellant was then before the court on this very matter. He had filed his resignation, and thereby tendered the issue whether or not his letters should be revoked, and after the issue had been joined in by the heirs of the estate, he could not withdraw from it by withdrawing his resignation. On the hearing touching the voluntary revocation of his letters, the heirs had the right to insist upon their revocation for cause.

On the merits of the controversy, it is insisted that no sufficient cause was shown to authorize a revocation of the appellant's letters. But it was shown that the appellant had been appointed administrator on May 18, 1904, and that up to the time of the hearing on the question of his resignation, which was had on September 15, 1904, he had neither filed an inventory of the property of the estate, caused the same to be appraised, or given the statutory notice to creditors; and it was made to appear, also, that he had neglected to require verified vouchers to be presented for the money of the estate his account showed he had paid out, and that he had temporarily removed from the state, and did not then have a residence therein. The facts abundantly justified his removal as administrator, and the judgment appealed from will be affirmed.

MOUNT, C. J., RUDKIN, and CROW, JJ., concur.